IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> TYREE CARNEY, <br><br> Defendant. | 8:18CR195 <br><br> **ORDER** |

This matter is before the Court on Defendant's Motion for Reconsideration ([Filing No. 52](#)), Motion for "Subpoena to Produce Electrically Stored Records" ([Filing No. 56](#)), and Motion for "Subpoena to Produce Discovery Materials" ([Filing No. 58](#)). The motions will be denied.

## BACKGROUND

On January 2, 2020, Defendant, proceeding *pro se*, filed a Motion to Vacate under [28 U.S.C. §2255](#). ([Filing No. 49](#).) On January 14, 2020, Defendant filed a motion requesting that transcripts from his change of plea hearings and sentencing hearing be prepared and transcribed. ([Filing No. 50](#).) Defendant also requested "disclosure of evidence," which the Court construed as a request for discovery. Defendant's motion listed the documents he sought and indicated the documents were needed for purposes of "appeal and later trial." ([Filing No. 50](#).)

On January 15, 2020, the Court entered an order granting Defendant's request for transcripts. ([Filing No. 51](#).) However, the Court ruled that transcripts would not be provided without Defendant's pre-payment of the costs associated with the transcripts. The January 15, 2020 order denied Defendant's request for discovery, stating Defendant had not shown why he needs discovery materials at this stage in the § 2255 proceedings.

On January 27, 2020, Defendant filed a Motion for Reconsideration of the Court's January 15, 2020 order. In February, 2020, Defendant filed two additional motions requesting discovery materials.

**DISCUSSION**

Pursuant to 28 U.S.C. §753, "[f]ees for transcripts furnished in proceedings brought under section 2255 . . . to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose *if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.*" [28 U.S.C. § 753](#) (emphasis added). At this point, there has not been a determination of whether the suit is frivolous or whether the transcript is needed to decide issues presented in this case. Therefore, Defendant's Motion for Reconsideration will be denied. If Defendant wants transcripts at this time, he must pay for them.

Moreover, as the Court previously explained, pursuant to Rule 6 of the Rules Governing § 2255 Proceedings, "[a] judge may, for good cause, authorize a party to conduct discovery." Rules Governing § 2255 Proceedings R. 6. "A party requesting discovery must provide reasons for the request." *Id*. Defendant has not shown good cause why he needs discovery materials at this stage in the § 2255 proceedings. Therefore, Defendant's Motion for "Subpoena to Produce Electrically Stored Records" ([Filing No. 56](#)) and Motion for "Subpoena to Produce Discovery Materials" ([Filing No. 58](#)) will be denied at this time. Defendant may reassert this request at a more appropriate time in these proceedings.

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Reconsideration ([Filing No. 52](#)), Motion for "Subpoena to Produce Electrically Stored Records" ([Filing No. 56](#)), and Motion for "Subpoena to Produce Discovery Materials" ([Filing No. 58](#)) are denied.

Dated this 8th day of April, 2020.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge