IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:18CR195 |
| v. | |
| TYREE C. CARNEY, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on defendant Tyree C. Carney's ("Carney") pro se Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 49). Also pending before the Court is Carney's application (Filing No. 53) to proceed in forma pauperis ("IFP") on his motion.

I. BACKGROUND

On February 22, 2019, Carney appeared before the Court for a change-of-plea hearing for Carney to plead guilty pursuant to a written plea agreement (Filing No. 34) to Counts I, III, V, and VII of the Indictment (Filing No. 1) in this case. Count I charged him with conspiring to commit robbery, in violation of 18 U.S.C. §§ 1951(a) and 2. Counts III, V, and VII charged him with brandishing a firearm during, in relation to, and in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c). Pursuant to the plea agreement, the parties agreed to a total of 25 years in prison under Federal Rule of Criminal Procedure 11(c)(1)(C).

At the change-of-plea hearing, Carney indicated he had complaints about his counsel, Jessica Douglas ("Douglas"), because she misguided him. Carney indicated the government offered him a plea deal with a sentence of 20 years in prison. Carney said he verbally accepted that offer through Douglas, but then Douglas came back with the plea deal for 25 years. The Court continued the change-of-plea hearing to allow the parties to resolve those issues.

On March 22, 2019, the Court continued the change-of-plea hearing for Carney to plead guilty pursuant to the plea agreement for 25 years in prison. At that hearing, Carney pled guilty with no complaints about Douglas.

On June 14, 2019, the Court, consistent with the plea agreement, sentenced Carney to 48 months on Count I and 84 months on Counts III, V, and VII, all consecutively, for a total sentence of 25 years in prison. Carney did not appeal.

## II. DISCUSSION

Now before the Court is Carney's motion for relief under § 2255. Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires the Court to conduct an initial review of Carney's motion. Unless "it plainly appears from the motion, any annexed exhibits, and the record of prior proceedings that [Carney] is not entitled to relief," the Court will order the government to respond. *Id.*

While Carney discusses many issues in his 158-page submission, the Court has liberally construed Carney's motion and identified four potentially cognizable claims—three claims for ineffective assistance of counsel in violation of his right to counsel under the Sixth Amendment of the United States Constitution and one claim of actual innocence. Carney asserts Douglas (1) "affirmatively disregarded" his requests to file "pretrial motions with prior discovery as examples";[1] (2) gave him "affirmative misadvice" in allowing him "to proffer and enter [his] plea" of guilty; and (3) allowed him to plead guilty to the 25-year deal "against his wishes" instead of the 20-year deal. In short, Carney faults Douglas for allowing him to plead guilty at all and accuses her of "coach[ing] [him] on how to answer questions" at the March 22, 2019, hearing so the Court would accept his guilty plea. Carney alleges "[b]ut for Douglas's performance, Carney would have gone to trial without proffers or change of plea."[2] Carney also asserts he is actually innocent. *See Bousley v. United States*, 523 U.S. 614 (1998).

---

[1]Carney was charged with similar offenses in two separate state courts before this federal case. Both of state cases were dismissed, and Carney states he provided Douglas the materials from those cases for this federal case.

[2]Carney also complains that because of Douglas's performance, some of his property has not been returned after it was seized when he was taken into custody and the government has subpoenaed him to testify before a grand jury.

Carney now requests the Court "reject[] his plea agreement" and "allow[] him to withdraw his guilty plea and opportunity to suppress the proffer and proceed to trial" or "otherwise adjudicate his claims under § 2255."

On initial review, it does not plainly appear that Carney is not entitled relief on his motion. The Court will determine whether an evidentiary hearing is required after the government's response and any reply by Carney.

Although no filing fee is required for the § 2255 motion itself, to the extent relevant, the Court also finds Carney's properly supported request to proceed IFP should be granted.[3] *See* 28 U.S.C. § 1915. Accordingly,

IT IS ORDERED:
1. Summary dismissal is not warranted in this case.
2. The government shall file a response to Carney's § 2255 motion on or before August 28, 2020.
3. Carney's Motion for Leave to Proceed In Forma Pauperis (Filing No. 53) is granted.

Dated this 7th day of August 2020.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge

---

[3]In his § 2255 motion, Carney also makes discovery and subpoena requests. The magistrate judge has already handled and denied (Filing No. 59) similar requests by Carney and to the extent they are separate motions, they are denied here without prejudice for lack of good cause. *See* 28 U.SC. § 2255, Rule 6.