IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:18CR195 |
| v. | |
| TYREE C. CARNEY, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on defendant Tyree C. Carney's ("Carney") pro se Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 49). Upon initial review, this Court found Carney identified four potentially cognizable claims and ordered the government to respond. After a careful review of the record in this case, the Court finds an evidentiary hearing is not required. For the reasons stated below, the Court denies Carney's § 2255 motion. *See* 28 U.S.C. § 2255(b).

I.  **BACKGROUND**

On February 22, 2019, Carney appeared before the Court for a change-of-plea hearing to plead guilty pursuant to a written plea agreement (Filing No. 34) to Counts I, III, V, and VII of the Indictment (Filing No. 1) in this case. Count I charged him with conspiring to commit robbery, in violation of 18 U.S.C. §§ 1951(a) and 2. Counts III, V, and VII charged him with brandishing a firearm during, in relation to, and in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c). Under the plea agreement written pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties had agreed to a total of 25 years in prison.

At that change-of-plea hearing, Carney indicated he had complaints about his counsel, Jessica Douglas ("Douglas"), because she "misguided him." Carney indicated the

government offered him a plea deal with a sentence of 20 years in prison and that he verbally accepted that offer through Douglas. But then Douglas came back with a plea deal for 25 years. At the hearing, the government explained Douglas had asked for a term of 20 years, but the government rejected it. The government clarified it agreed to "frame the terms of the plea agreement in which the sentence would be no lower than 20 nor more than . . . 29 years," but Douglas indicated Carney wanted "the 25 years as opposed to a variable amount." The Court continued the change-of-plea hearing to March 22, 2019, to allow the parties to resolve those issues.

On March 22, 2019, Carney pleaded guilty pursuant to the plea agreement that included a term of 25 years in prison. At that hearing, Carney stated he had no complaints about Douglas. The Court concluded Carney fully understood his rights and that he willingly, knowingly, and intentionally waived them. Carney also agreed to the factual basis as set forth in the plea agreement.

On June 14, 2019, the Court, consistent with the plea agreement, sentenced Carney to 48 months on Count I and 84 months on Counts III, V, and VII, all consecutively, for a total sentence of 25 years in prison. Carney did not appeal. He filed this motion on January 1, 2020. The Court conducted an initial review, and liberally construing Carney's motion, found he raised four potentially cognizable claims—one claim of actual innocence and three for ineffective assistance of counsel.

**II. DISCUSSION**
    **A. Standard of Review**

Under § 2255(a), a federal prisoner "may move the court which imposed the sentence to vacate, set aside, or correct the sentence" if his "sentence was imposed in violation of the Constitution or laws of the United States, or [if] the court was without jurisdiction to impose such sentence, or [if] the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 8 U.S.C. § 2255(a). Relief under § 2255 "is reserved for transgressions of constitutional rights and for a narrow range

of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *Walking Eagle v. United States*, 742 F.3d 1079, 1081-82 (8th Cir. 2014) (quoting *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996)).

### B. Actual Innocence

Carney asserts he is actually innocent of "all the charges and crimes outlined in the indictment." "Ordinarily, where a defendant does not challenge his guilty plea on direct appeal, he may not do so in a collateral attack." *Silk v. United States*, 955 F.3d 681, 683 (8th Cir. 2020). This is so because "[h]abeas review is an extraordinary remedy and will not be allowed to do service for an appeal." *Id.* (quoting *Bousley v. United States*, 523 U.S. 614, 621 (1998)). When a defendant argues actual innocence, he is required to "show factual innocence, not simply legal insufficiency of evidence to support a conviction." *McNeal v. United States*, 249 F.3d 747, 749 (8th Cir. 2001). In evaluating such a claim, the Court may consider "any evidence bearing on whether [the defendant] is 'actually innocent' of the charged offense." *Silk*, 955 F.3d at 683.

Before this federal case, Carney was charged with similar offenses in two separate state-court proceedings, both of which were dismissed. To support his claim of actual innocence, he relies on the lack of DNA or fingerprint evidence connecting him to the dropped state-court charges. He states he provided the materials from those cases to Douglas with the hope that this federal case might also be dismissed. But he does not address the "ample evidence" against him in the federal case. At his change-of-plea hearing, Carney admitted to the factual basis as set out in the plea agreement (Filing No. 34), which detailed five separate armed bank robberies in Iowa and Nebraska. Carney has not provided the Court with any new evidence that might establish his innocence. This lack of any new facts or evidence to prove his innocence is sufficient to deny Carney's claim. *McNeal*, 249 F.3d at 749; *House v. Bell*, 547 U.S. 518, 537 (2006).

### C. Ineffective Assistance of Counsel

"The Sixth Amendment guarantees a defendant the effective assistance of counsel at 'critical stages of a criminal proceeding,' including when he enters a guilty plea." *Lee v. United States*, 582 U.S. \_\_\_, \_\_\_, 137 S. Ct. 1958, 1964 (2017). To prove ineffective assistance of counsel, Carney must show his counsel's performance was "deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Counsel's performance is deficient if it falls "below an objective standard of reasonableness" such that counsel was not "functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* But the Court's review of counsel's performance is highly deferential; it applies "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

To prove prejudice, Carney "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. In the context of entering a guilty plea, this requires Carney to demonstrate "a reasonable probability" "that he would not have pleaded guilty and would have insisted on going to trial." *Meza-Lopez v. United States*, 929 F.3d 1041, 1044 (8th Cir. 2019) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). "Courts should not upset a plea solely because of post hoc assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Lee*, 582 U.S. at \_\_\_, 137 S. Ct. at 1967.

Carney asserts three claims of ineffective assistance of counsel. Carney first asserts Douglas "affirmatively disregarded" his requests to file "pretrial motions with prior discovery as examples." In such a situation, the Court inquires whether Douglas's decision not to file pretrial motions was "an unreasonable one which only an incompetent attorney" would make. *Anderson v. United States*, 393 F.3d 749, 754 (8th Cir. 2005). Carney states that he urged Douglas to file a pretrial motion to suppress because a motion to suppress

4

was successful in the related state-court case. But the circumstances here are quite different. The motion to suppress in state-court pertained to the search of another party's cell phone; the search of the cell phone was not at issue in the federal case. Douglas claims she went through all the evidence and discovery in the federal case, and in her experience, did not believe any pretrial motions would be successful. Under these circumstances, Douglas's decision was not unreasonable.

Next, Carney alleges Douglas was ineffective because she gave him "affirmative misadvice" by allowing him "to proffer and enter [his] plea" of guilty. It appears from Carney's motion that he faults Douglas for advising him he could get a sentence reduction for substantially assisting the prosecution. Carney did decide to proffer, which was taken into account in his plea agreement. But, according to Douglas, "he refused to testify or allow his statements to be used against others," so he did not get the maximum adjustment for substantial assistance. Carney otherwise fails to explain what "misadvice" Douglas gave him relating to his proffer or plea agreement or how her "misadvice" prejudiced him. On this point, Carney has not met his heavy burden to establish he is entitled to relief.

Carney's last claim for ineffective assistance of counsel alleges Douglas's "representation fell below an objective standard of reasonableness" because she allowed him to plead guilty to the 25-year deal "against his wishes" instead of the 20-year deal. He now asserts "[b]ut for Douglas's performance, [he] would have gone to trial without proffers or [a] change of plea." But Carney spends the bulk of his § 2255 motion describing conversations with Douglas in which he asserts his wish to plead guilty to a 20-year sentence—not that he would not have pleaded guilty at all. *See Meza-Lopez*, 929 F.3d at 1044. Carney's desire for a lower agreed sentence is understandable, but Douglas's failed attempts to secure one does not amount to ineffective assistance of counsel.

The record also establishes Carney voluntarily chose to plead guilty. *Lee*, 582 U.S. at ___, 137 S. Ct. at 1967. At Carney's initial change-of-plea hearing on February 22, 2019, Carney brought up concerns about the plea agreement and Douglas. To ensure

5

Carney fully understood his rights and all components of the plea agreement, the Court continued the hearing to a later date. At the March 22, 2019, hearing, Carney confirmed Douglas discussed the terms of the plea agreement with him, that he understood those terms, and that he signed it voluntarily. These "[s]olemn declarations in open court carry a strong presumption of verity," *Blackledge v. Allison*, 431 U.S. 63, 71, 74 (1977), and the Court will not easily overlook them. On this record, Carney fails to show Douglas committed any serious errors that affected the outcome of his case.

### C. No Certificate of Appealability

A petitioner under § 2255 cannot appeal an adverse ruling unless she is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1); *see also United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005) ("A certificate of appealability is required to appeal the denial of any motion that effectively or ultimately seeks habeas corpus or § 2255 relief."). The Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). That standard is met when "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Garrett v. United States*, 211 F.3d 1075, 1077 (8th Cir. 2000) (quoting *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997)). Carney has not made such a showing, so the Court will not issue a certificate of appealability.

IT IS ORDERED:
1. Tyree C. Carney's pro se Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Filing No. 49) is denied.
2. No certificate of appealability will issue.
3. A separate judgment will be entered in accordance with this Memorandum and Order.
4. The Clerk of the Court shall mail a copy of this Memorandum and Order and the Judgment to Carney at his address of record.

Dated this 1st day of February 2021.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge